[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKECOUNT ONE OF THE PLAINTIFF'S COMPLAINT
The plaintiffs' amended complaint seeks damages arising out of alleged defects in a newly constructed house which they purchased from the defendants. Previous versions of count one of the complaint, which alleges violations of General Statutes §§ CT Page 215047-117 and 47-118 had referred to the defendant, Charlotte Goldblatt, merely as the person who sold the home in question to the plaintiffs. A motion to strike, dated October 23, 1996, in which the defendants claimed that count one was "legally and factually insufficient in that it fails to allege that the defendant is a `vendor' as defined in Conn. Gen. Stat. Sec.47-116, or a sufficient factual basis upon which sections 47-117 and47-118 of the Connecticut General Statutes could be made applicable to the defendant, Charlotte Goldblatt" was granted by this court, Freedman, J., on February 18, 1997. The present count one begins: "The defendant, Charlotte Goldblatt as vendor, . . ." The defendants now claim that this allegation that the defendant is a "vendor" is merely a legal conclusion and that count one still must be stricken.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendants rely primarily on Palm v. Zazzarino, 1990 W.L. 288647 (Conn.Super. J.D. of New Haven, 1990) (Cretella, J.), in which the court expressed the opinion that the mere allegation that the defendant was a vendor was a legal conclusion only. There are two problems in the defendants' reliance on this case.
First, the motion to strike specifically asked for an allegation that the defendant was a "vendor" or a sufficient factual basis upon which §§ 47-117 and 118 could be made applicable to her. The plaintiffs chose the first of these alternatives. Second, and more significantly, General Statutes § 47-116 defines vendor as "any person engaged in the business of erecting or creating an improvement on real estate." CT Page 2151 Thus, had the plaintiffs begun this count with the allegation, "At all times pertinent to the facts of this case, the defendant, Charlotte Goldblatt, was engaged in the business of erecting or creating an improvement on real estate" and then gone on to recite the claims being made against her, the complaint would be difficult to attack in a motion to strike.
Normally, the plaintiffs should not be made to replead simply because they used the short form, in this case "vendor", rather than the more full factual description. Nevertheless, the present wording of the complaint, "the defendant, Charlotte Goldblatt as vendor" still leaves something to be desired and falls short of an allegation of facts tending to establish that she actually was a vendor at all times pertinent to the complaint. Although the question is a close one, the more prudent course is to have the plaintiff state with greater precision the facts that allegedly bring the defendant Charlotte Goldblatt within the purview of the statute.
For the above reasons, the motion to strike is granted.
Silbert, J.